No. 945

NORTH. MUT. LIFE INS. CO. v. NEW FISHERIES CO.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2576.     Decided June 8, 1925

647. INSURANCE—Evidence to warrant cancellation of policy should be clear and convincing.

480. EVIDENCE—Affidavits of condition and medical notes made by doctors and nurses, not made part of death certificate, and will not be admitted into evidence.

BUCHWALTER, P. J.

The Northwestern Mutual Life Insurance Co. brought this action against the New Fisheries Co. in the Hamilton Common Pleas for the recission and cancellation of an insurance policy issued by it, on the life of Bernard Weil, now deceased, for the benefit of the Fisheries Co.

The Insurance Co. claimed that relying upon false and fraudulent representations made by Weil as to his physical condition, it issued the policy in question. It further tendered back the amount of premiums paid, with interest, and prayed for relief sought for. The Fisheries Co. denied that any false or fraudulent representations were made by Weil; and filed a cross petition praying for judgment for $10,-000, the amount of insurance named in the policy and interest thereon.

The Fisheries Co., at the close of plaintiff's evidence, moved for a dismissal of the petition and for judgment on its cross petition. Both motions were granted, judgment being entered to dismiss the petition and for judgment on the cross petition. The case was taken up on appeal and the one question submitted was as to th eadmissibility of the so-called record of the Bureau of Vital Statistics, offered by the Insurance Co., which was objected to by the Fisheries Co.

This document contains a certificate of death signed by the attending physician and to which are attached affidavits of the superintendent of a hospital and the proprietor of the Ridge Rest Home, where deceased was a patient, including a statement of the medical treatment given, conclusions of the nurse as to his condition and as to remarks made by him, report of his visitors, etc. The question for determination is whether or not the certified copy is admissible in evidence as prima facie proof of the facts stated therein. The Court of Appeals held:

1. Certain testimony of physicians is excluded under 11494 GC., except where there is a waiver by the patient. The only authority to introduce this document must be gained from the statutes relating to the Bureau of Vital Statistics, which are 197 to 234 GC.

2. By these sections the certificate of death is made competent as prima facie evidence of all facts therein ·stated.

3. This, however, is the certificate made after death and before the issuance of a burial permit, a certified copy of which may be secured from the local registrar in cities. The medical part of this certificate, where there is an attending physician, must be made out by him.

4. Under the sections referred to, the State Registrar ·is not authorized to collect affidavits and data of various kinds by virtue of 231 GC., which would be competent and available as prima facie evidence in any court in this state.

5. The medical and other notes included in the affidavits were not made part of the certificate of death, but were made by doctors and nurses during Weil's illness.

6. If the contention of the Insurance Co. is correct, then a state registrar would have authority to conduct an investigation, summon witnesses, procure information from any source and cause all data collected by him to be used as prima facie evidence of the facts so gathered, without any opportunity on part of the other side to cross examine or to offer objection to the introduction of confidential and irrelevant communications.

7. It cannot be held that such is the intent or purpose of the act providing for the Bureau of Vital Statistics. As the certified copy of the certificate of death is offered with affidavits and exhibits attached, the document will not, be admitted in evidence.

8. Evidence to warrant a cancellation of a policy should be clear and convincing; and no· such evidence has been introduced, so that we find against the Insurance Co. upon the cause of action praying for a cancellation.

9. The Fisheries Company is entitled to judgment as prayed for.

Judgment accordingly.

Attorneys—Maxwell & Ramsey, Joseph S. Graydon and Gregor B. Moorman for Insurance Co.; Densmore, Shobl and Sawyer, S. Geismar and Burch & Peters for Fisheries Co.; all of Cincinnati.